# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JULIA L. RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:15-00011-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Julia L. Rodgers brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 16, 17. Oral argument was held on October 27, 2015. Doc. 18. Present were Byron A. Lassiter, Esq., representing Plaintiff, and Patricia Beyer, Esq., representing Defendant Carolyn Colvin.

Upon consideration of the administrative record ("R.") (Doc. 11), Plaintiff's Brief (Doc. 12), and the Commissioner's Brief (Doc. 13), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be

**AFFIRMED**.[1]

## I. Procedural Background

Plaintiff filed applications for DIB and SSI on May 25, 2011 (*see* R. 124-34), alleging a disability onset date of October 1, 2010.[2] *See* R. 124. Her application was initially denied. *See* R. 65-69. Hearings were conducted before Administrative Law Judge Michael D. Anderson ("the ALJ") on January 10, 2013. *See* R. 43-61. On April 30, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 17-42. The Appeals Council issued a decision declining to review the ALJ's determination on November 17, 2014 (*see* R. 1-7), rendering the Commissioner's decision final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on January 13, 2015. *See* Doc. 1.

## II. Factual Background

Plaintiff is a resident of Pinehill, Alabama, born March 3, 1983. R. 124. She was 29 at the time of the hearing before the ALJ. R. 43, 124. She completed eleventh grade, but does not have a GED. R. 47-48. Her past relevant work experience includes positions as a fast food worker, a fire-watcher at a construction site, and a commercial cleaner. R. 55-57; 145. She has not worked since before the alleged onset date of October 1, 2010. R. 145. Plaintiff suffers from a number of medical issues,

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 23.

[2] Plaintiff alleges that she has been disabled since October 1, 2010, as a result of back injuries sustained in an automobile accident. R. 144.

including degenerative disc disease of the cervical spine (Plaintiff has had cervical fusion of vertebrae C4 through C6); cervical radiculopathy; and mild obesity. R. 22.

In December 2010, Plaintiff underwent cervical spine surgery performed by Dr. Timothy Holt to address complaints of neck and back pain. R. 245-46, 488. In September 2011, Dr. Holt described Plaintiff as "pretty much asymptomatic," though Plaintiff complained of "some pain" in December 2011. R. at 555, 556. Plaintiff has continued to complain of neck pain even post-surgery. R. 555, 578. In August 2012, she was evaluated for pain and numbness in her neck and arms by Dr. Huey Kidd, who recommended physical work limitations.[3] R. 578.

### III. Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following grounds:

1. The ALJ erred in finding that Plaintiff could return to her past relevant work as a Commercial Cleaner because the work performed by Plaintiff as a cleaner did not meet the Commissioner's criteria for "past relevant work";

2. The ALJ erred in posing a misleading, incomplete hypothetical question;

3. The ALJ erred in rejecting the opinion of the treating physician, Dr. Kidd, regarding Plaintiff's pain and medication side effects.

---

[3] Dr. Kidd opined that Plaintiff could perform activities that fell between the requirements of "light work" and "medium work." R. 580-81.

Doc. 12 at 2.

### IV.  Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*;

*Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V. Analysis

**A. Plaintiff's Commercial Cleaner position met the requirements for "past relevant work".**

Plaintiff contends that her position as a commercial cleaner should not have been considered past relevant work because it did not constitute "substantial gainful activity." Doc. 12 at 9. The SSA defines "past relevant work" as "work that you have done within the past 15 years that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1); *see also* 20 C.F.R. § 404.1565(a).

The SSA defines "substantial" work activity and "gainful" work activity separately. "Substantial work activity" is "work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). Such work "may be substantial even if it is done on a part-time basis. *Id*. Plaintiff's work included vacuuming, cleaning toilets, and dusting (R. 181), which is significant physical activity qualifying as substantial work activity. *See* 20 C.F.R. § 404.1572(a). Plaintiff only performed this work for eight hours per week (R. 181), but work is not insubstantial merely because it is part-time. *See* 20 C.F.R. § 404.1572(a).

"Gainful work activity" is "work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Plaintiff testified that she earned $45 to $75 (per week) for 8 hours of weekly work. Tr. 155, 181. While this is a low total, it is monetary income earned for part-time work, and Plaintiff has not shown why it should not be considered gainful. *See* 20 C.F.R. § 404.1572(b).

The SSA also has a formula for determining the income amount for substantial gainful activity in a certain year. 65 Fed. Reg. 82,905. In 2008, the last year in which Plaintiff's earnings were reported for the commercial cleaner position, Plaintiff earned $12,429.40, averaging $1035.78 per month. R. 141. In 2008, the SSA's monthly substantial gainful activity threshold was $940 in earnings for non-blind individuals. *See* 65 Fed. Reg. 82,905. Thus, Plaintiff's earnings in the commercial cleaner position constitute substantial gainful activity. *See id.* Further, the VE testified that Plaintiff's past cleaning working was substantial gainful activity based on her earnings records and questions asked of Plaintiff. R. 56-57; R. 135-142. Thus, the commercial cleaner position was properly considered by the ALJ as past relevant work.

**B.     The ALJ posed an acceptable hypothetical question.**

Plaintiff next contends that the ALJ posed an inappropriate hypothetical question to the Vocational Expert (VE) that did not include information about Plaintiff's "mild to moderate pain, which could occasionally interfere with concentration, persistence, and pace." R. 25; Doc. 12 at 12-13. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229; *see also Pendler v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) (stating that in order for a hypothetical question to constitute substantial evidence, it must comprehensively describe the claimant's impairments and limitations).

"Concentration, persistence, or pace" is on of the "four broad functional areas"

considered in a preliminary assessment before determining a claimant's actual mental functional limitations. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). This preliminary assessment is a "special technique" for evaluating mental impairments which is not itself a determination of a claimant's specific work-related, mental functional limitations. 20 C.F.R. §§ 404.1520a, 416.920a (stating that a claimant's actual mental RFC is assessed later, if necessary. A hypothetical question to a VE must still account for limitations in concentration, persistence, and pace identified during the special technique. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011). However, where "medical evidence demonstrates that a claimant can engage in simple routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. *Id.* Here, the ALJ factored [Plaintiff's] mild to moderate pain into the assessment [of functional limitations]," and also found that Plaintiff's pain "could occasionally interfere with concentration, persistence, and pace." R. 25, 35. The ALJ still found Plaintiff was able to do simple, unskilled, repetitive work. R. 57.

The ALJ's hypothetical question was limited to the commercial cleaner position, which was unskilled work, so the question adequately accounted for Plaintiff's concentration, persistence, and pace limitations. *See Winschel*, 631 F.3d at 1180-81.

**C.   The ALJ properly considered the treating physician's opinion regarding Plaintiff's pain and medication side effects.**

Finally, the Plaintiff argues that the ALJ improperly rejected the opinion of

the treating physician, Huey Kidd, D.O., regarding Plaintiff's pain and medication side effects. Doc. 12 at 14. Dr. Kidd issued two separate opinions regarding Plaintiff's functional limitations, one in August 2012 (R. 578-85) and one in December 2012. R. 602-05. The opinion of a treating physician, such as Dr. Kidd, is generally entitled to substantial or considerable weight, absent "good cause." *See, e.g.*, *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527. "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.' " *Winschel*, 631 F.3d at 1179 *citing Phillips*, 357 F.3d at 1241. "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so. *Id.*

The ALJ concluded that Dr. Kidd's December 2012 evaluation contradicted his own August 2012 evaluation, despite the fact that Dr. Kidd did not indicate any re-examination of Plaintiff in the intervening period. R. 31-32. The ALJ chose to accept the August 2012 evaluation, but not the contradicting December 2012 evaluation. R. 32. The contradiction represented "good cause" to disregard the second evaluation. *See Winschel*, 631 F.3d at 1179. The ALJ's statement of the reasons for disregarding the second evaluation comport with the standard set by *Winschel*. *See id.* Thus, the ALJ properly considered Dr. Kidd's evaluation of Plaintiff's pain and medication side effects.

**D.   The ALJ relied on substantial evidence in making the RFC assessment and in finding that the Plaintiff could perform past work.**

9

Finally, the ALJ's RFC determination, and his subsequent determination that the Plaintiff can perform medium work at a reduced level, included past relevant work, are supported by substantial evidence as required by *Jones* (190 F.3d at 1228) and *Crawford* (363 F.3d at 1158-59). In making the decision, the ALJ relied on the opinions, assessments, and treatment notes of Timothy Holt, M.D.; Huey Kidd, D.O.; Eugune T. Saiter, M.D.; and Calvin R. Johns, M.D. R. 25-36. The ALJ also relied on the testimony of a vocational expert, Michael C. McClanahan, Ph.D. R. 36-37. As required by the Eleventh Circuit, the evidence relied upon is "more than a scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *See Martin v. Sullivan*, 894 F. 2d 1520, 1529 (11th Cir. 1990) (internal citations omitted). In the last analysis, the record evidence does not support Plaintiff's assignments of error. Rather, the record as a whole reflects that the ALJ's decision was supported by substantial evidence.

## VI.  Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 22nd day of February 2016.

   /s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**